**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOMAS KAVANAGH, individually and on behalf of all others similarly situated,<br><br>     **Plaintiff,**<br><br>**v.**<br><br>**REDWOOD LOGISTICS, LLC,**<br><br>     **Defendant.** |  **Case No.**<br><br>**Jury Trial Demanded** |

**COMPLAINT**

Plaintiff Thomas Kavanagh ("Plaintiff"), individually and on behalf of all others similarly situated, known and unknown, through his attorneys, for his Complaint against Redwood Logistics, LLC ("Redwood" or "Defendant"), states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this case against Redwood to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (hereinafter, "FLSA"); unpaid overtime wages, interest, reasonable attorneys' fees and costs under Illinois Minimum Wage Law, 820 Ill. Comp. Stat. Ann. 105/1, *et seq.* (hereinafter, "IMWL").

2. Defendant is a logistics company headquartered in Chicago, Illinois. Plaintiff and other similarly situated employees were hired by Defendant to identify, source, and develop relationships with motor carriers.

3. Plaintiff and others similarly situated worked for Defendant under the job title of

1

Carrier Sales Representative. Defendant failed to properly pay its Carrier Sales Representatives all owed overtime pay.

4. Defendant misclassified Carrier Sales Representatives as salaried employees for the purpose of not paying them overtime.

5. Plaintiff's and other Carrier Sales Representatives' duties did not exempt them from the overtime requirements. By classifying them as exempt, Defendant evaded the payment of wages mandated by the FLSA and the IMWL.

6. Plaintiff brings his FLSA claim as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as a representative Plaintiff under the FLSA is attached hereto as Exhibit A. Plaintiff brings his IMWL overtime claim as a class action pursuant to Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, as this action is brought under the FLSA, 29 U.S.C. § 201, *et seq.*

9. This Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district. 28 U.S.C. § 1391(a)(1).

## PARTIES

11. Plaintiff resides in and is domiciled within this judicial district.

12. Defendant maintains its corporate headquarters in Chicago, Illinois.

13. Defendant conducts business throughout the United States and has offices in Illinois, Georgia, Ohio, Texas, Michigan, Pennsylvania, Louisiana, and Missouri.

14. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is

2

an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1)(A).

15. At all times relevant hereto, Defendant's annual gross volume of sales made or business done has exceeded $500,000 per year, exclusive of excise taxes.

16. During Plaintiff's employment with Defendant, Defendant was Plaintiff's "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d) and 820 ILCS 105/3 of the IMWL.

17. From approximately August 2018 to February 2019, Plaintiff was employed by Defendant.

18. Plaintiff worked for Defendant as a Carrier Sales Representative.

19. During Plaintiff's employment with Defendant, Plaintiff worked from Defendant's office in Carol Stream, Illinois.

20. During Plaintiff's employment with Defendant, Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1) and 820 ILCS 105/3(d) of the IMWL.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

21. Defendant offers a variety of logistics services designed to meet its customers' freight transportation and supply chain needs. One of the services Defendant provides is connecting customer freight with motor carrier equipment.

22. To perform this service for its customers, Defendant hired Plaintiff and other similarly situated employees to work as Carrier Sales Representatives.

23. Plaintiff worked for Defendant as a Carrier Sales Representative.

24. Plaintiff and other similarly situated employees were paid a base salary plus a commission.

25. Defendant classified employees in the Carrier Sales Representative position as

exempt salaried employees who were not eligible to receive overtime wages.

26. As a Carrier Sales Representative, Plaintiff and those similarly situated to him were responsible for securing commitments from motor carriers to transport Defendant's customers' freight.

27. Carrier Sales Representatives did not perform duties related to the management or general business operations of Defendant.

28. Carrier Sales Representatives' primary duties did not involve the exercise of discretion nor independent judgment with respect to matters of significance. Carrier Sales Representatives did not have the authority to bind Defendant on significant matters.

29. Each day, Plaintiff and other Carrier Sales Representatives were provided with a list of customer freight loads that needed to be booked with a motor carrier. Carrier Sales Representatives were required to communicate with motor carriers regarding these freight loads, complete paperwork if a freight load was booked, and communicate with motor carriers in reference to these shipments.

30. The substantial amount of time that it took for Plaintiff and Carrier Sales Representatives to complete these duties contributed to them having to work overtime regularly.

31. Due to Plaintiff's heavy workload, Plaintiff worked more than forty (40) hours in one or more individual work weeks. Plaintiff routinely worked in excess of forty (40) hours a week. Other Carrier Sales Representatives also worked more than forty (40) hours in one or more individual work weeks.

32. Plaintiff and Defendant's other Carrier Sales Representatives should have received overtime ("time-and a-half") wages each week they worked over forty (40) hours. However, they were denied overtime wages altogether.

4

33.     Defendant willfully misclassified Plaintiff and other Carrier Sales Representatives as salaried employees to avoid paying them overtime wages.

34.     Plaintiff and other Carrier Sales Representatives were not exempt from the overtime provisions of the FLSA or the IMWL.

35.     Defendant was aware that Plaintiff and other Carrier Sales Representatives had to work over forty (40) hours each week in order to complete their assigned tasks.

36.     Defendant was aware that the nature of the tasks performed by Plaintiff and other Carrier Sales Representatives entitled them to overtime wages.

37.     In bad faith, Defendant suffered, permitted and/or required Plaintiff and other Carrier Sales Representatives to work these overtime hours without being compensated.

### FLSA COLLECTIVE ACTION FACTUAL ALLEGATIONS

38.      Plaintiff and all those similarly situated employees worked as Carrier Sales Representatives (or in other positions with similar job duties) for Defendant.

39.     As Carrier Sales Representatives, Plaintiff and the FLSA collective are or were employed by Defendant within the meaning of the FLSA.

40.     Plaintiff and other Carrier Sales Representatives were all paid a salary.

41.     The proposed FLSA collective class is defined as:

All persons who work or worked as salaried Carrier Sales Representatives, or in other positions with similar job duties for Defendant, at any time during the period of May 15, 2017, to the date of the filing of this Complaint (the "FLSA collective").

42.     At all times relevant to this Complaint, Plaintiff and other members of the FLSA collective worked as non-exempt employees eligible for overtime pay.

43.     The duties assigned to Plaintiff and other similarly situated employees do not satisfy the duties tests contained within any of the exemptions specified in the FLSA.

5

44. Defendant operated under a common policy of suffering, permitting and/or requiring Plaintiff and the FLSA collective to work unpaid overtime hours.

45. Defendant knew, or should have known, that Plaintiff and the FLSA collective routinely worked unpaid overtime hours.

46. Defendant imposed requirements that resulted in Plaintiff and the FLSA collective to work excessive hours.

47. Plaintiff and the FLSA collective regularly worked over forty (40) hours per workweek to meet Defendant's requirements.

48. Defendant failed to pay Plaintiff and the FLSA collective for the overtime hours they worked.

49. Defendant's unlawful conduct was widespread, repetitious and consistent, affecting Plaintiff and all members of the FLSA collective equally.

50. Defendant's conduct was willful and in bad faith.

51. Defendant's conduct has caused significant damages to Plaintiff and the FLSA collective.

52. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA collective.

53. There are numerous similarly situated current and former employees of Defendant who have been denied proper overtime compensation, in violation of the FLSA.

54. These similarly situated employees would benefit from the issuance of court-supervised notice of this lawsuit for purposes of being informed of their opportunity to join.

55. Notice of this action should be sent to all similarly situated Carrier Sales Representatives.

6

56. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ACTION ALLEGATIONS UNDER ILLINOIS MINIMUM WAGE LAW

57. Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and other current and former employees who worked for Defendant as Carrier Sales Representatives in Illinois.

58. The class Plaintiff seeks to represent is defined as:

> All individuals who are or were employed by Defendant as salaried Carrier Sales Representatives and/or in similar positions in the state of Illinois, and who have been denied overtime compensation as required by the respective state labor laws and implementing regulations at any time during the period of May 15, 2017, through the date of final disposition (the "proposed class").

59. The proposed class is so numerous that joinder of all members is impracticable. During the relevant period, Defendant employed dozens of Carrier Sales Representatives in the state of Illinois.

60. The claims of the named Plaintiff are typical to the members of the proposed class. The named Plaintiff and those similarly situated regularly worked more than forty (40) hours per week and were denied overtime compensation. Each member of the class was paid a salary that remained unchanged, regardless of the number of hours they worked each week. As a result, each and every class member suffered the same harm.

61. Each class member's claim is controlled by Illinois's wage and hour statutory scheme and one set of facts. Pursuant Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions. Such common questions of law and fact include, but are not limited to, whether the Rule 23 Class is similarly situated because they all performed the same basic duties and were subject to Defendant's common policy and

practice of not paying them overtime; and whether Defendant violated IMWL by failing to pay Plaintiff and the class overtime compensation for hours worked in excess of forty (40) hours per workweek.

62. Pursuant to Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources and incentives to prosecute separate lawsuits against their employer. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecutions of this litigation. Prosecuting hundreds of identical, individual lawsuits would not promote judicial efficiency or equity, nor result in consistent results. Class certification will eliminate the need for duplicate litigation.

63. Pursuant to Fed. R. Civ. P. 23(b)(2), Defendant has acted, or has refused to act, on grounds generally applicable to the Rule 23 class, thereby making appropriate final injunctive relief, or corresponding declaratory relief, with respect to the class as a whole.

64. Plaintiff will fully and adequately protect the interests of the class. Plaintiff seeks the same recovery as the class, predicated upon the same violations of law and the same damage theory. Plaintiff has retained counsel who are qualified and experienced in the prosecution of statewide wage and hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the class.

### COUNT I
**Violation of the Fair Labor Standards Act**
(**Plaintiff on behalf of himself and Similarly Situated Persons—Collective Action**)

65. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

66.     The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

67.     Plaintiff and the FLSA collective are non-exempt employees entitled to FLSA overtime compensation for all hours worked in excess of forty (40).

68.     Plaintiff and the FLSA collective work(ed) in excess of forty (40) hours per week but did not receive overtime compensation.

69.     Defendant failed to accurately record the actual hours worked by Plaintiff and the FLSA collective.

70.     Defendant failed to compensate Plaintiff and the FLSA collective for the overtime hours they worked.

71.     The foregoing conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

72.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and those similarly situated have suffered and will continue to suffer a loss of income and other damages.

**COUNT II**
**Violation of the Illinois Minimum Wage Law**
**(Class Action)**

73.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

74.     Pursuant to the Illinois Minimum Wage Law, each employer shall pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

75.     Plaintiff and the Rule 23 class are non-exempt employees entitled to overtime compensation for all hours worked in excess of forty (40).

76. Plaintiff and the proposed Rule 23 class work(ed) in excess of forty (40) hours per week, but did not receive the appropriate overtime compensation from Defendant.

77. Defendant unlawfully compensated Plaintiff and the class by paying them a salary.

78. Defendant willfully and intentionally failed to compensate Plaintiff and the Rule 23 class for the overtime hours they worked.

79. There is no *bona fide* dispute that Plaintiff is owed overtime wages for the work Plaintiff performed for Defendant.

80. Defendant acted willfully and with reckless disregard of clearly applicable provisions of the IMWL.

81. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the class have suffered and will continue to suffer a loss of income and other damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for the following relief:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated;

B. Pursuant to 29 U.S.C. § 216(b), prompt issuance of notice to all those similarly situated apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual consent forms.

C. Designation of this action as a class action on behalf of Plaintiff and all members of the proposed state classes;

D. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E. Judgment that Defendant failed to pay Plaintiff and those similarly situated in accordance with the standards set forth by the FLSA and the IMWL;

10

F.      Judgment that Defendant's violations were willful;

G.      An award in an amount equal to Plaintiff's and the similarly situated employees' unpaid back wages at the applicable overtime rate;

H.      An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages and other penalties provided by law and interest thereon;

I.      An award of prejudgment interest to the extent liquidated damages are not awarded;

J.      Pursuant to 29 U.S.C. § 216 and/or other applicable laws, an award of reasonable attorneys' fees and costs to be satisfied in full by Defendant; and

K.      All further relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the FLSA collective request that a jury of their peers hear and decide all possible claims.


Respectfully submitted,

Dated: February 8, 2021

/s/Douglas M. Werman
One of Plaintiff's Attorneys


| THE LAW OFFICES OF PETER T. NICHOLL<br>Benjamin L. Davis, III<br>bdavis@nicholllaw.com<br>36 South Charles Street, Suite 1700<br>Baltimore, Maryland 21201<br>Telephone: (410) 244-7005 | WERMAN SALAS P.C.<br>Douglas M. Werman<br>dwerman@flsalaw.com<br>Maureen A. Salas<br>msalas@flsalaw.com<br>Michael M. Tresnowski<br>mtresnowski@flsalaw.com<br>77 West Washington Street, Suite 1402<br>Chicago, Illinois 60602<br>Telephone: (312) 419-1008 |
| --- | --- |